# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3747 | **DATE** | May 22, 2013 |
| **CASE TITLE** | Daniel Clark (K-98637) vs. John Doe #1 Officer, et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $14.60 from Plaintiff's account for payment to the Clerk, and to continue making monthly deductions and payments in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Western Illinois Correctional Center. However, summonses shall not issue. The complaint is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies). The Clerk is directed to send Plaintiff an amended civil rights complaint form with instructions and a copy of this order. Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case in its entirety.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

  Plaintiff, Daniel Clark, a prisoner at the Western Illinois Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.
  Plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $14.60. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff in the event of a transfer to another facility.
  Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of Plaintiff's complaint.
  Plaintiff alleges that on August 30, 2011, two Chicago Police Officers used excessive force against him and falsely arrested him. The next day, Plaintiff was taken to Cook County Jail where Plaintiff received some medical treatment for the injuries he sustained during the excessive force. At some point, Plaintiff was sent to Stateville Correctional Center. Plaintiff alleges that he did not receive proper medical care at Cook County Jail or the Illinois Department of Corrections. Plaintiff names John Doe Police Officers #1 and #2 as the only Defendants.
  Plaintiff's complaint fails to state a claim upon which relief can be granted. To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008). While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Mere labels and

| STATEMENT |
|---|

conclusions, or a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S.662, 129 S. Ct. 1937, 1949 (2009)).

Here, Plaintiff first brings an excessive force and false arrest claim against two unknown police officers. Service of the complaint cannot be made on unknown parties and Plaintiff cannot proceed without service on the appropriate party. When a plaintiff does not know the names of the persons who actually injured him, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of the defendant's immediate supervisor. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Consequently, if Plaintiff wants to pursue his claims against the police officers but cannot name them, he should amend the complaint to add as a Defendant a supervisory official or administrator who is in a position to identify the unknown Defendants. Once Plaintiff has obtained service on the supervisor, and an attorney has entered an appearance on the supervisor's behalf, Plaintiff may send defense counsel interrogatories (a list of questions) eliciting information regarding the identity of the Defendants who allegedly violated his constitutional rights. *See* Fed. R. Civ. P. 33. After Plaintiff learns the Defendants' identities, he may ask leave of court to amend his complaint to substitute his/her names in place of the unknown police officers. Summonses would then issue for service on the Defendants in interest and the supervisory Defendant will be dismissed.

Plaintiff also appears to be attempting to raise claims related to his medical care at Cook County Jail and Stateville. First, unrelated claims against unrelated defendants cannot be brought in the same lawsuit. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (a complaint may not allege unrelated claims against different defendants – such claims belong in different suits). Plaintiff's unrelated claims related to his medical care at two different facilities must be brought in separate lawsuits. Furthermore, Plaintiff does not name any Defendants for any medical care claims and other than broad and conclusory statements regarding his medical care, he fails to make any allegations demonstrating deliberate indifference to his serious medical needs. Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Thus, if Plaintiff decides to proceed on either of these claims he must name the individuals responsible for the alleged lack of proper medical care in those cases.

For the foregoing reasons, Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted. Plaintiff is granted thirty days in which to submit an amended complaint. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. Plaintiff's allegations must include sufficient facts to put the Defendant(s) on notice of the claims against him/her. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

Plaintiff is also advised that there is a two-year statute of limitations for civil rights actions; he should therefore file his amended complaint as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

If Plaintiff fails to comply within thirty days, the case will be summarily dismissed.