IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL CLARK (K-98637), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-cv-3747 |
| ) | |
| CHICAGO POLICE OFFICERS ) | Hon. Judge Ronald A. Guzman |
| W. K. RUCK (Star No. 20989), ) | |
| P. T. O'DONOVAN (Star No. 20234), ) | JURY TRIAL REQUESTED |
| J. M. CHAUSSE (Star No. 10082), ) | |
| J. M. NEGA (Star No. 20634), all in their ) | |
| individual capacities, and THE CITY OF ) | |
| CHICAGO. ) | |
| Defendants. ) | |

## SECOND AMENDED COMPLAINT

DANIEL CLARK ("Mr. Clark"), by counsel, for his complaint against defendants CHICAGO POLICE OFFICERS W. K. RUCK (hereinafter referred to as "Officer Ruck") (Star No. 20989), P. T. O'DONOVAN (hereinafter referred to as "Officer O'Donovan") (Star No. 20234), J. M. CHAUSSE (hereinafter referred to as "Officer Chausse") (Star No. 10082), J. M. NEGA (hereinafter referred to as "Officer Nega") (Star No. 20634) (hereinafter referred to collectively as the "Officer Defendants"), all in their individual capacities, and THE CITY OF CHICAGO (hereinafter referred to as the "Defendant City of Chicago"), alleges in his Second Amended Complaint (hereinafter referred to as the "Complaint") as follows:

### INTRODUCTION

1. This is an action for monetary damages brought pursuant to 42 U.S.C. §§1983 and 1988, the Fourth Amendment to the United States Constitution, the Eighth Amendment to the United States Constitution, the Fourteenth Amendment to the United States Constitution and Illinois

1

statutory law. Mr. Clark sues the individual Officer Defendants for the excessive use of force by choking him, punching him in the stomach, tackling him onto a metal bench, and/or failing to intervene to prevent the use of excessive force while he was being interrogated at the police station following his arrest.

## JURISDICTION AND VENUE

2. The jurisdiction of the Court is conferred by 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

3. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Mr. Clark was at all relevant times a resident of the City of Chicago, Illinois, and a United States citizen.

5. All Officer Defendants are officers of the Chicago Police Department who are being sued in their individual capacities for actions they took by virtue of their authority as Chicago police officers.

6. All Officer Defendants, at all times relevant to this Complaint, acted under color of state law as police officers of the City of Chicago and within the scope of their employment.

7. Defendant, City of Chicago, is an Illinois municipal corporation that operates the Chicago Police Department. The City of Chicago was, at all times material to this Complaint, the employer and principal of all individual defendants.

## FACTS

8. On August 29, 2011, Mr. Clark was arrested and taken into custody by Chicago police officers. The Arrest Report for Mr. Clark's August 29, 2011, arrest (hereinafter referred

to as the "Arrest Report") is attached to this Second Amended Complaint as Exhibit 1.

9. The Arrest Report identifies Officer Ruck as the 1st Arresting Officer and Officer O'Donovan as the 2nd Arresting Officer. *See* Arrest Report, pg. 3.

10. The Arrest Report also identifies Officer Chausse and Officer Nega as Assisting Arresting Officers. *See* Arrest Report, pg. 5.

11. On August 29, 2011, Mr. Clark was driving his car with two passengers when he was stopped in the vicinity of 1150 N. Lamon, Chicago, Illinois, by two Chicago police officers in a police car. One of the officers was driving the police car (hereinafter referred to as "Officer # 1"), and the other officer was riding as a passenger in the police car (hereinafter referred to as "Officer # 2").

12. Officer # 1, as defined in Paragraph 11 above and used throughout this Complaint, is one of the Officer Defendants.

13. Officer # 2, as defined in Paragraph 11 above and used throughout this Complaint, is one of the Officer Defendants.

14. After stopping Mr. Clark's car, Officer # 1 and Officer # 2 exited their police car.

15. Officer # 1 drew his gun, approached Mr. Clark's car, and opened Mr. Clark's driver side door. At this time Officer # 1 pointed the gun at Mr. Clark, shoved him against the side of his vehicle, and asked him what he had on him.

16. During this time Officer # 2 was monitoring the two passengers who remained inside Mr. Clark's vehicle. The two passengers were eventually told to leave the scene.

17. Officer # 1 then tightly handcuffed Mr. Clark, thereby causing him to lose feeling in his hands. Mr. Clark was then placed into the back of the police car.

18. At this time Officer # 2 drove Mr. Clark's car to the Chicago Police Department

3

25th District - Grand Central Station (hereinafter referred to as the "Police Station"). Officer # 1 drove the police car with Mr. Clark in the back of the police car to the Police Station.

19. After Mr. Clark, Officer # 1, and Officer # 2 arrived at the Police Station, Mr. Clark was taken from the police car, and Officer # 1 and Officer # 2 walked him into the Police Station's back entrance.

20. After being taken into the Police Station, Officer # 1 and Officer # 2 walked Mr. Clark to an investigation room (hereinafter referred to as the "Investigation Room") inside the Police Station.

21. There were other police officers present inside the Police Station who observed Officer # 1 and Officer # 2 taking Mr. Clark into the Police station and into the Investigation Room.

22. Once inside the Investigation Room, Officer # 1 told Officer # 2 to wait outside the door of the Investigation Room and not to let anyone in. Officer # 2 then left the Investigation Room.

23. Before Officer # 2 closed the door to the Investigation Room, other police officers walked by the Investigation Room and observed Officer # 1 inside the Investigation Room with Mr. Clark.

24. After Officer # 2 closed the door to the Investigation Room, Officer # 1 began to interrogate Mr. Clark, who was still handcuffed.

25. At this time Officer # 1 asked Mr. Clark various questions, including the names of drug dealers and the locations where drugs are kept.

26. When Mr. Clark did not provide answers, Officer # 1 grabbed Mr. Clark by the throat and accused him of lying.

27. After choking Mr. Clark, Officer # 1 punched him in the stomach and repeated his request for names.

28. Officer # 1 repeatedly punched Mr. Clark in the stomach, and then he tackled Mr. Clark and slammed him onto a metal bench.

29. Mr. Clark, who was still handcuffed, stopped his fall onto the metal bench with his right elbow. This caused the bones in Mr. Clark's right elbow to fracture and chip.

30. While Mr. Clark was lying on the metal bench, Officer # 1 then resumed choking Mr. Clark and continued to ask him to give him names of drug dealers and locations of drug houses.

31. Officer # 1 then threatened to make Mr. Clark spend the rest of his life in jail if he did not tell him what he needed to know.

32. Officer # 1 then slapped Mr. Clark again and resumed choking him, threatening to kill him in the Police Station if he did not cooperate.

33. Mr. Clark then repeated that he did not know anything, and Officer # 1 threatened further physical harm.

34. Officer # 1 also threatened to kill Mr. Clark in the Police Station if he said anything about what was happening in the Investigation Room to anyone else in the Police Station.

35. At this time, Officer # 1 removed the handcuffs from Mr. Clark's right hand and handcuffed Mr. Clark's left hand to the metal bench.

36. Officer # 1 then left the Investigation Room.

37. During the events described in Paragraphs 24 through 36 above, Officer # 2 was standing outside of the Investigation Room to prevent any other police officers from entering the

Investigation Room while Officer # 1 used excessive force against Mr. Clark.

38. Officer # 2 stood outside of the Investigation Room in plain view of other police officers.

39. Officer # 1 then returned to the Investigation Room with Officer # 2.

40. Mr. Clark's hands were then handcuffed behind his back.

41. Officer # 1 and Officer # 2 then walked Mr. Clark to lockup.

42. During the events described in Paragraphs 19 through 41 above, two other police officers assisted in Mr. Clark's arrest and processing at the Police Station (hereinafter referred to as "Officer # 3" and "Officer # 4").

43. Officer # 3, as defined in Paragraph 42 above and used throughout this Complaint, is one of the Officer Defendants.

44. Officer # 4, as defined in Paragraph 42 above and used throughout this Complaint, is one of the Officer Defendants.

45. Mr. Clark was kept in a lockup cell overnight. He was transferred to Cook County Jail the next day, August 30, 2011.

46. While in his lockup cell, Mr. Clark asked for a blanket because of the cold conditions in the cell. That request was denied.

47. As a direct and proximate result of the events described in Paragraphs 8 through 46 above, Mr. Clark was deprived of his rights as stated below. Mr. Clark also suffered and continues to suffer from pain in his right elbow that requires him to take pain medication as well as emotional injuries.

## COUNT I
## FOURTH AMENDMENT(EXCESSIVE FORCE)
### (Against Officer # 1 and Officer #2)

48. Mr. Clark realleges and incorporates herein Paragraphs 1 through 47 above.

49. Mr. Clark asserts Count I of his action against Officer # 1 and Officer # 2 in their individual capacities pursuant to 42 U.S.C. § 1983.

50. The actions of Officer # 1 in choking him, punching him in the stomach, and tackling him onto a metal bench while he was being interrogated deprived Mr. Clark of his Fourth Amendment right to be free from excessive and unreasonable force in the course of an arrest.

51. Officer # 2 acted in concert with Officer # 1 by acting to prevent any other officers from entering the Interrogation Room, and Officer # 2's actions deprived Mr. Clark of his Fourth Amendment right to be free from excessive and unreasonable force in the course of an arrest.

52. The aforementioned actions of Officer # 1 and Officer # 2 were the direct and proximate cause of Mr. Clark's constitutional violations and injuries as set forth above.

53. The actions of Officer # 1 and Officer # 2 were intentional, willful, exhibited a conscious disregard or reckless indifference to Mr. Clark's rights, and constituted the use of unreasonable force against Mr. Clark.

54. An award of punitive damages against Officer # 1 and Officer # 2 is necessary to punish them for their misconduct and to deter similar misconduct.

## COUNT II
## FOURTH AMENDMENT (EXCESSIVE FORCE - FAILURE TO INTERVENE)
### (Against Officer # 3 and Officer #4)

55. Mr. Clark realleges and incorporates herein Paragraphs 1 through 54 above.

56. Mr. Clark asserts Count II of his action against Officer # 3 and Officer # 4 in their

7

individual capacities pursuant to 42 U.S.C. § 1983.

57. During the events described above, Officer # 3 and Officer # 4 stood by and failed to intervene to prevent the unconstitutional physical violence to which Mr. Clark was being subjected by Officer # 1 and Officer # 2.

58. Officer # 3 and Officer # 4, as officers who assisted with Mr. Clark's arrest, either knew or had reason to know that Officer # 1 was using excessive force against Mr. Clark in the Investigation Room on account of the fact that Officer # 2 was standing in front of the Investigation Room door in plain view in order to prevent anyone from entering the Investigation Room.

59. Officer # 3 and Officer # 4, as officers who assisted with Mr. Clark's arrest, failed to intervene with a deliberate or reckless disregard for Mr. Clark's constitutional rights.

60. Officer # 3 and Officer # 4, as officers who assisted with Mr. Clark's arrest, had a realistic opportunity to intervene to prevent the abuse of Mr. Clark in the Investigation Room.

61. The aforementioned failure to intervene on the part of Officer # 3 and Officer # 4 to prevent the unconstitutional physical violence to which Mr. Clark was being subjected by Officer # 1 and Officer # 2 was the direct and proximate cause of Mr. Clark's constitutional violations and injuries as set forth above.

62. An award of punitive damages against Officer # 3 and Officer # 4 is necessary to punish them for their misconduct and to deter similar misconduct.

## COUNT III
### EIGHTH AMENDMENT (EXCESSIVE FORCE)
### (Against Officer # 1 and Officer #2)

63. Mr. Clark realleges and incorporates herein Paragraphs 1 through 47 above.

64. Mr. Clark asserts Count III of his action against Officer # 1 and Officer # 2 in

their individual capacities pursuant to 42 U.S.C. § 1983.

65. As described above, the conduct of Officer # 1 and Officer # 2 individually and in concert with each other was wanton or malicious and sadistic, constituted extreme or excessive cruelty, and was for the very purpose of inflicting or causing harm or injury to Mr. Clark rather than in a good faith effort to maintain or restore security or discipline.

66. The actions of Officer # 1 in choking him, punching him in the stomach, and tackling him onto a metal bench while he was being interrogated deprived Mr. Clark of his Eighth Amendment rights.

67. Officer # 2 acted in concert with Officer # 1 by acting to prevent any other officers from entering the Interrogation Room, and Officer # 2's actions deprived Mr. Clark of his Eighth Amendment rights.

68. The aforementioned actions of Officer # 1 and Officer # 2 were the direct and proximate cause of Mr. Clark's constitutional violations and injuries as set forth above.

69. An award of punitive damages against Officer # 1 and Officer # 2 is necessary to punish them for their misconduct and to deter similar misconduct.

## COUNT IV
### EIGHTH AMENDMENT (EXCESSIVE FORCE - FAILURE TO INTERVENE)
### (Against Officer # 3 and Officer #4)

70. Mr. Clark realleges and incorporates herein Paragraphs 1 through 47 and 63 through 69 above.

71. Mr. Clark asserts Count IV of his action against Officer # 3 and Officer # 4 in their individual capacities pursuant to 42 U.S.C. § 1983.

72. During the events described above, Officer # 3 and Officer # 4 stood by and failed to intervene to prevent the unconstitutional physical violence to which Mr. Clark was being

subjected by Officer # 1 and Officer # 2.

73. Officer # 3 and Officer # 4, as officers who assisted with Mr. Clark's arrest, either knew or had reason to know that Officer # 1 was using excessive force against Mr. Clark in the Investigation Room on account of the fact that Officer # 2 was standing in front of the Investigation Room door in plain view in order to prevent anyone from entering the Investigation Room.

74. Officer # 3 and Officer # 4, as officers who assisted with Mr. Clark's arrest, failed to intervene with a deliberate or reckless disregard for Mr. Clark's constitutional rights.

75. Officer # 3 and Officer # 4, as officers who assisted with Mr. Clark's arrest, had a realistic opportunity to intervene to prevent the abuse of Mr. Clark in the Investigation Room.

76. The aforementioned failure to intervene on the part of Officer # 3 and Officer # 4 to prevent the unconstitutional physical violence to which Mr. Clark was being subjected by Officer # 1 and Officer # 2 was the direct and proximate cause of Mr. Clark's constitutional violations and injuries as set forth above.

77. An award of punitive damages against Officer # 3 and Officer # 4 is necessary to punish them for their misconduct and to deter similar misconduct.

## COUNT V
## FOURTEENTH AMENDMENT (EXCESSIVE FORCE)
### (Against Officer # 1 and Officer #2)

78. Mr. Clark realleges and incorporates herein Paragraphs 1 through 47 above.

79. Mr. Clark asserts Count V of his action against Officer # 1 and Officer # 2 in their individual capacities pursuant to 42 U.S.C. § 1983.

80. As described above, the conduct of Officer # 1 and Officer # 2 individually and in concert with each other was intentional and carried out with a willful and deliberate indifference

to Mr. Clark's rights and his health and welfare, and it constituted conduct that shocks the conscience in violation of the Fourteenth Amendment.

81. The actions of Officer # 1 in choking him, punching him in the stomach, and tackling him onto a metal bench while he was being interrogated deprived Mr. Clark of his Fourteenth Amendment rights.

82. Officer # 2 acted in concert with Officer # 1 by acting to prevent any other officers from entering the Interrogation Room, and Officer # 2's actions deprived Mr. Clark of his Fourteenth Amendment rights.

83. The aforementioned actions of Officer # 1 and Officer # 2 were the direct and proximate cause of Mr. Clark's constitutional violations and injuries as set forth above.

84. An award of punitive damages against Officer # 1 and Officer # 2 is necessary to punish them for their misconduct and to deter similar misconduct.

### COUNT VI
### FOURTEENTH AMENDMENT (EXCESSIVE FORCE - FAILURE TO INTERVENE)
### (Against Officer # 3 and Officer #4)

85. Mr. Clark realleges and incorporates herein Paragraphs 1 through 47 and 78 through 84 above.

86. Mr. Clark asserts Count VI of his action against Officer # 3 and Officer # 4 in their individual capacities pursuant to 42 U.S.C. § 1983.

87. During the events described above, Officer # 3 and Officer # 4 stood by and failed to intervene to prevent the unconstitutional physical violence to which Mr. Clark was being subjected by Officer # 1 and Officer # 2.

88. Officer # 3 and Officer # 4, as officers who assisted with Mr. Clark's arrest, either knew or had reason to know that Officer # 1 was using excessive force against Mr. Clark in the

Investigation Room on account of the fact that Officer # 2 was standing in front of the Investigation Room door in plain view in order to prevent anyone from entering the Investigation Room.

89. Officer # 3 and Officer # 4, as officers who assisted with Mr. Clark's arrest, failed to intervene with a deliberate or reckless disregard for Mr. Clark's constitutional rights.

90. Officer # 3 and Officer # 4, as officers who assisted with Mr. Clark's arrest, had a realistic opportunity to intervene to prevent the abuse of Mr. Clark in the Investigation Room.

91. The aforementioned failure to intervene on the part of Officer # 3 and Officer # 4 to prevent the unconstitutional physical violence to which Mr. Clark was being subjected by Officer # 1 and Officer # 2 was the direct and proximate cause of Mr. Clark's constitutional violations and injuries as set forth above.

92. An award of punitive damages against Officer # 3 and Officer # 4 is necessary to punish them for their misconduct and to deter similar misconduct.

<u>**COUNT VII**</u>
**ILLINOIS LOCAL GOVERNMENT AND**
**LOCAL GOVERNMENT EMPLOYEES TORT IMMUNITY ACT**
**(745 ILCS 10/9-102B)**
**(Against Defendant City of Chicago)**

93. Mr. Clark realleges and incorporates herein paragraphs 1 through 92 above.

94. Count VII of this Second Amended Complaint is an Illinois statutory claim against Defendant City of Chicago. This court has jurisdiction of this claim under 28 U.S.C. § 1367.

95. Defendant City of Chicago is the employer of the Defendant Officers.

96. The Defendant Officers each committed the acts alleged above under color of state law and in the scope of their employment as employees of the City of Chicago.

**REQUEST FOR RELIEF**

WHEREFORE, Mr. Clark prays that the Court:

(A) Award Mr. Clark judgment against each of the Defendant Officers, jointly and severally, for actual compensatory damages in an amount to be determined at trial but in an amount no less than $25,000.00;

(B) Award Mr. Clark judgment against each of the Defendant Officers, jointly and severally, for appropriate punitive damages in an amount to be determined at trial;

(C) Award costs, expenses, and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

(D) Should any of the individual Defendant Officers be found liable on one or more of the claims set forth above, Mr. Clark demands that, pursuant to 745 ILCS 10/9- 102, the Defendant City of Chicago be found liable for any judgment Mr. Clark obtain thereon against said defendant, as well as for all attorneys' fees and costs awarded; and

(E) Grant such other and further relief as this Court deems equitable and just.

**Plaintiff hereby demands trial by jury.**

Dated: August 28, 2013          Respectfully submitted,

/s/ Matthew M. Brown
Robert J. Mignin
Matthew M. Brown
BAKER & McKENZIE LLP
300 E. Randolph St., Suite 5000
Chicago, IL 60601
Telephone: (312) 861-8040
Facsimile: (312) 698-2395
E-mail: matthew.brown@bakermckenzie.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served upon the following parties via messenger before 5:00 PM on August 29, 2013:

Garry McCarthy
City of Chicago Superintendent of Police
Chicago Police Department
3510 South Michigan Avenue 60653
Chicago, Illinois

Liza Franklin
Deputy Corporation Counsel, Federal Civil Rights Litigation Division
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602

                                            /s/ Matthew M. Brown
                                              Matthew M. Brown