# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DANIEL CLARK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) No. 13-cv-03747 |
|   v. | ) |
| | ) Judge Andrea R. Wood |
| CHICAGO POLICE OFFICERS | ) |
| WILLIAM RUCK (Star No. 20989), | ) |
| PATRICK O'DONOVAN (Star No. 20234), | ) |
| JOSEPH CHAUSSE (Star No. 10082), | ) |
| JOSEPH NEGA (Star No. 20634), all in their | ) |
| individual capacities, and THE CITY OF | ) |
| CHICAGO, | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On August 29, 2011, Plaintiff Daniel Clark was arrested and taken into custody by the Chicago police. Clark claims that, while he was being interrogated at the police station following his arrest, police officers William Ruck, Patrick O'Donovan, Joseph Chausse, and Joseph Nega (collectively, the "Defendant Officers") used excessive force or failed to intervene to prevent the use of excessive force. To seek redress for the alleged abuse, Clark brought this civil action against the Defendant Officers and the City of Chicago (the "City") pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and Illinois state law. Presently before the Court is Clark's Motion to Compel the City of Chicago to Comply with Discovery and for Extension of Discovery Deadline (the "Motion") (Dkt. No. 53). For the reasons set forth below, the Motion is granted in part and denied in part.

**BACKGROUND**

On December 13, 2013, Clark served his First Request for Production of Documents, Electronically Stored Information, & Tangible Things, and For Entry Onto Land for Inspection or Other Purposes ("Plaintiff's RFP"). (Dkt. No. 53, Ex. 1 at ¶ 4.) Plaintiff's RFP included a request for entry onto the premises of the police station where the events at issue in this case occurred in order to inspect, measure, survey, and photograph the location. (*Id.*) Plaintiff's RFP also included Request for Production # 18 ("RFP # 18"), which requested that Defendants produce:

> Any documents, layouts, blueprints, models, master plans, or architectural plans of the Police Station which show all rooms, areas, and cells in the Police Station in which the Individual Police Defendants and Clark were stationed, positioned, working, or placed on August 29, 2011 and August 30, 2011.

(*Id.* at ¶ 9.) Defendants' response to RFP # 18 stated, in relevant part, that Defendants had "made requests from the Chicago Police Department in accordance with this production request and agree to produce to Plaintiff any responsive documents they receive when they become available." (*Id.*) Plaintiff's RFP also included Plaintiff's Request for Production # 8 ("RFP # 8") which requested that Defendants produce the personnel files of each of the Defendant Officers. (*Id.* at ¶ 8.) Defendants' Response to RFP # 8 objected that "due to the potential security risk presented to Defendant Officers, [Defendants] will only produce these files pursuant to a court order." (*Id.*)

The parties met and conferred several times in an attempt to resolve the disputes over RFP # 8 and RFP # 18. (*Id.* at ¶¶ 13-15.) However, Defendants maintained the position that the City would not produce personnel files responsive to RFP # 8 without a court order. (*Id.* at ¶ 15.) In addition, Defendants informed Clark that they had been unable to obtain any documents responsive to RFP # 18. (*Id.*) On February 26, 2014, Clark filed the instant Motion, seeking

documents responsive to RFP # 8 and RFP # 18, as well as fees and expenses pursuant to Federal Rule of Civil Procedure 37. Clark also seeks to extend the current discovery deadline, which is currently set for April 30, 2014. On March 24, 2014, the City produced documents responsive to RFP # 18. (Dkt. No. 59, Ex. 1 at ¶ 8.) Thus, the Court considers the parties' dispute regarding RFP #18 to be resolved and does not address the parties' arguments regarding that request here.

## DISCUSSION

The Federal Rules of Civil Procedure allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *See* Fed. R. Civ. P. 26(b)(1). "Requests for discovery are relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Rubin v. Islamic Republic of Iran*, 349 F.Supp.2d 1108, 1111 (N.D. Ill. 2004) (citing *Meyer v. S. Pac. Lines*, 199 F.R.D. 610, 611 (N.D. Ill. 2001)). The "burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006) (citation omitted).

Clark's motion to compel production of documents responsive to RFP # 8 is granted. The personnel files sought by Clark are clearly relevant to the claims asserted in this matter. It is well-established that, in § 1983 cases involving allegations of police misconduct, personnel files of the defendant officers are discoverable, as they may lead to evidence admissible under Federal Rule of Evidence 404(b). *See, e.g., Grayson v. City of Aurora*, No. 13-cv-01705, 2013 WL 6697769, at *3-6 (N.D. Ill. Dec. 19, 2013); *Vodak v. City of Chicago*, No. 03-cv-2463, 2004 WL 1381043, at *5 (N.D. Ill. May 10, 2004); *Lepianka v. Vill. of Franklin Park*, No. 03-cv-2991, 2004 WL 626830, at *1-2 (N.D. Ill. Mar. 26, 2004). Defendants' argument that personnel files are only relevant in cases involving *Monell* claims is meritless. *See, e.g.*, *Grayson*, 2013 WL

3

6697769, at *6 (finding that individual defendant officers' personnel files were relevant to alleged "constitutional violations by the individual Defendants themselves," as well as to *Monell* claims); *Lepianka*, 2004 WL 626830, at *1 (personnel files of individual officers relevant and subject to discovery even "in the absence of a *Monell* claim"). Nor is the Court persuaded by Defendants' argument that the requested materials would be duplicative of other materials that they have already produced in discovery, including the Defendant Officers' complaint and disciplinary histories. The fact that these other materials have been produced does not make the personnel files any less relevant. *See Smith v. Sharp*, No. 11-cv-50382, 2013 WL 2298142, at *3 (N.D. Ill. May 24, 2013) (ordering production of documents relating to employment history, as well as disciplinary records); *Vodak,* 2004 WL 1381043, at *5 (ordering production of personnel files in addition to complaint histories).

Defendants further argue that the ten-year period for which Clark requests records is overly broad and request that the Court narrow the time frame. The Court declines to do so. In cases involving allegations of police misconduct, plaintiffs are given a broad temporal scope for discovery, "and the [Court] will determine before or at the trial whether 'other acts' are similar enough and close enough in time [under FRE 404(b)] to be relevant to the latter in issue and thus, admissible." *Lepianka*, 2004 WL 626830, at *2 (citing *United States v. Asher*, 178 F.3d 486, 492 (7th Cir. 1999)). *See also Vodak*, 2004 WL 1381043, at *5.

The Court agrees with Defendants, however, that certain personal information contained in the personnel files should be redacted. Prior to production, Defendants may redact personal information from the Defendant Officers' personnel files, including, but not limited to, home addresses, telephone numbers, family histories, family member information, and insurance and benefit information. *See Grayson*, 2013 WL 6697769, at *6; *Smith*, 2013 WL 2298142, at *3.

Defendants may also designate all documents produced pursuant to this Order as "Confidential Information" under the Parties' Agreed Confidentiality Order entered by the Court on December 2, 2013 (the "Confidentiality Order") (Dkt. No. 45).

The Court also grants Clark's motion to extend the discovery deadline. Discovery will now close 60 days after the entry of this Order, so that Clark has sufficient time to depose the Defendant Officers after Defendants produce the relevant personnel files.

Finally, the Court denies Clark's request for costs and expenses pursuant to Rule 37. Rule 37(a)(5)(A) provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." But an exception applies when the opposing party's objection was "substantially justified." *See* Fed. R. Civ. P. 37(a)(5)(A)(ii). In this context, "substantial justification" means that "reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Plaintiff's case for fees and expenses is bolstered by the fact that Defendants failed to cite any legal authority to support their arguments. Moreover, it is difficult to understand why the parties could not come to an agreement on their own to allow production of the relevant documents with appropriate redactions. Nonetheless, given the substantial public interest in the security and safety of law enforcement officers and the lack of any apparent bad faith, the Court finds that Defendants' objections to the requested discovery was substantially justified and thus denies Clark's request for fees and expenses.

**CONCLUSION**

For the foregoing reasons, Clark's Motion is granted to the extent it seeks to compel production of documents responsive to RFP # 8. Defendants shall produce the personnel files of the Defendant Officers by April 29, 2014. Defendants may redact personal information, including home addresses, telephone numbers, family histories, family member information, and insurance and benefit information, from the personnel files prior to production. Furthermore, the personnel files may be designated as "Confidential Information" pursuant to the Confidentiality Order previously entered in this action. Clark's request to compel production of documents responsive to FRP #18 is denied as moot. The Court also denies Clark's request for fees and expenses under Rule 37. The discovery deadline is extended until 60 days from the entry of this Order.

Entered:

Dated: April 15, 2014

_____
Andrea R. Wood
United States District Judge